UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, a foreign insurance company,

Plaintiff,

v.

MARTY HUGH LEE and JANE DOE LEE, and the martial community consisting thereof, if any; and MAXINE R. RIVENES- LEE and JOHN DOE RIVENES-LEE, and the marital community consisting thereof, if any,

Defendants.

Case No. 3:26-cv-05091

ORDER ON PENDING MOTIONS

## I. INTRODUCTION

This insurance dispute arises from a homeowners policy issued by Plaintiff Foremost Insurance Company to Defendants Marty Hugh Lee and Maxine Rivenes-Lee. Before the Court are four motions. The first is self-represented Defendant Rivenes-Lee's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 10. The second is Foremost's motion to strike Rivenes-Lee's motion to dismiss. Dkt. 13. The third is Foremost's motion for summary judgment against all defendants under Federal Rule of Civil Procedure 56. Dkt. 15. The last is Foremost's motion for default judgment against all Defendants. Dkt. 17.

Defendant Marty Lee seeks legal representation and indemnification from Foremost in an underlying Thurston County Superior Court case brought by Rivenes-Lee. Foremost seeks a declaratory judgment in the instant case "that there is no coverage pursuant to the terms and conditions" of Lee's home insurance policy. Dkt. 1 ¶ 5.2.

For the reasons explained below, the Court orders: (1) Foremost's motion to strike Rivenes-Lee's motion to dismiss is GRANTED; (2) Foremost's motion for default judgment is GRANTED, and the Court DECLARES that Foremost has no duty to defend or indemnify Lee in the underlying Thurston County Superior Court case 24-2-04598-34; and (3) Foremost's motion for summary judgment is DENIED.

## II. BACKGROUND

### A. Facts

Defendants Lee and Rivenes-Lee, at the time a married couple, purchased a home insurance policy from Foremost. Dkt. 1 ¶ 3.1. The policy was in effect from November 2022 to November 2026. *Id.*

On December 13, 2023, Lee was convicted of assaulting Rivenes-Lee. Dkt. 1-1 at 2–3. On December 31, 2024, Rivenes-Lee filed a civil suit against Lee in Thurston County Superior Court, seeking $12,000,000 in damages from the "intentional tort." *Id.* at 2, 4. Lee filed a claim with Foremost seeking coverage under the insurance policy. Dkt. 1 ¶ 3.8. On July 15, 2025, Foremost notified Lee that coverage of the claim was precluded by the policy because Lee's conduct "was intentional, not an accident." *Id.* ¶ 3.12.

### B. Procedural history

Foremost filed this case on February 2, 2026. Dkt. 1. Foremost seeks declaratory relief "that there is no coverage pursuant to the terms and conditions of the policy," meaning Foremost

has "no duty to defend or indemnify Mr. Lee for the incident involving Ms. Rivenes-Lee." *Id.* ¶¶ 5.1–6.3.

On March 11, Foremost moved for default against Rivenes-Lee, as she had not appeared in the case despite proper service. Dkts. 6, 7. The request was granted the next day. Dkt. 8. On March 23, Rivenes-Lee, proceeding pro se, moved to dismiss this case. Dkt. 10.

On March 30, Foremost moved for default against Lee. Dkt. 11. The request was granted on April 1. Dkt. 12.

On April 8, Foremost filed (1) a response to Rivenes-Lee's motion to dismiss, Dkt. 14; (2) a motion for summary judgment, Dkt. 15; and (3) a motion for default judgment, Dkt. 17. With no response from any Defendants, including Rivenes-Lee, Foremost filed its replies to the motion to strike Rivenes-Lee's motion to dismiss and motion for summary judgment on April 27 and May 4. Dkts. 18, 19.

## III. DISCUSSION

### A. Foremost's motion to strike Rivenes-Lee's motion to dismiss is granted.

Rivenes-Lee moves to dismiss the claims against her under Rules 12(b)(1) and 12(b)(6), arguing that Foremost's complaint has jurisdictional defects and fails to state a claim. Dkt. 10 at 4–7. Before the Court can consider Rivenes-Lee's motion to dismiss (Dkt. 10) the Court must consider Foremost's motion to strike (Dkt. 13). Foremost asks this Court to strike the motion to dismiss because it "is not properly before this Court." *Id.* at 2. Rivenes-Lee has not responded.

Foremost's complaint was filed on February 2, 2026. Dkt. 1. Rivenes-Lee was served on February 11. Dkt. 6 at 2. After no response, default was entered against her on March 12. Dkt. 8. Without moving to set aside the default, Rivenes-Lee moved to dismiss on March 23. Dkt. 10.

"[A] defaulted defendant loses many of the rights of a party," and most importantly, "[a] defaulted defendant cannot answer the complaint unless and until the default is vacated." *Jules*

*Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010). Rivenes-Lee is proceeding pro se. The Court notes its "duty to construe pro se pleadings liberally, including pro se motions." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Rivenes-Lee's filings do not provide the Court a basis to liberally construe an argument for good cause to set aside the entry of default under Federal Rule of Civil Procedure 55(c). With the default still in place, the motion to dismiss is not properly before the Court. As a result, the Court grants Foremost's motion to strike Rivenes-Lee's motion to dismiss.

**B. Foremost's motion for default judgment**

*1. Legal standard*

Motions for default judgment are governed by Federal Rule of Civil Procedure 55. The rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "'the well-pleaded factual allegations' in the complaint 'as true,' 'except those relating to the amount of damages.'" *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (first quoting *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); and then quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); Fed. R. Civ. P. 8(b)(6). The Court does not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc.*, 503 F.3d at 854. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts weigh the following factors in deciding motions for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72; *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016) (suggesting that district courts "weigh" the *Eitel* factors). District courts' decisions on motions for default judgment are discretionary. *NewGen, LLC*, 840 F.3d at 616 ("We review . . . the grant of a default judgment for abuse of discretion.").

This case concerns the interpretation of an insurance policy's terms, which is a question of law. *Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 512, 276 P.3d 300 (2012). An insurance policy "must be read as the average person would read it; it should be given a 'practical and reasonable rather than a literal interpretation', and not a 'strained or forced construction' leading to absurd results." *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264, 272, 267 P.3d 998 (2011) (quoting *Eurick v. Pemco Ins. Co.*, 108 Wn.2d 338, 341, 738 P.2d 251 (1987)). The policy must be considered as a whole, and "if the policy language is clear and unambiguous, [courts] must enforce it as written; [courts] may not modify it or create ambiguity where none exists." *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P.3d 733 (2005). Undefined policy terms are assigned their ordinary meanings, and any ambiguities should be "construed against the drafter-insurer." *Vision One*, 174 Wn.2d at 512. Any exclusions should also be strictly construed against the insurer. *Id.*

*2. Analysis*

Before entering default judgment, the Court must confirm that it has both personal and subject matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of

judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The Court finds that it has personal jurisdiction over the Defendants. Defendants are citizens of Washington and were properly served with copies of the complaint on February 11 and 27, 2026. Dkt. 1 ¶¶ 1.2–1.3; Dkt. 5; Dkt. 6.

The Court also concludes that it has subject matter jurisdiction. Jurisdiction exists under 28 U.S.C. § 1332(a). Foremost is a citizen of Michigan. Dkt. 4; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Defendants are citizens of Washington. Dkt. 1 ¶¶ 1.2–1.3. When an insurer contests the applicability of its liability coverage to a particular issue, the value of the object in litigation is "the value of the underlying potential tort action." *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). The amount in controversy exceeds $75,000 as Rivenes-Lee seeks $12,000,000 in damages in the underlying case. Dkt. 1-1 at 4.

Jurisdiction also exists under 28 U.S.C. § 2201. A court has jurisdiction to award declaratory relief "only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). An insurer's declaratory relief action to determine a duty to defend and indemnify their insured in a pending state court case creates an actual case or controversy within the meaning of Article III, even when the underlying liability action has not yet proceeded to judgment. *Id.* at 144. Foremost seeks a "declaration that the liability provisions in the Policy exclude coverage for the claims in the underlying [Thurston County Superior Court] action." Dkt. 1 ¶ 6.1.

With personal and subject matter jurisdiction, the Court may consider Foremost's motion for default judgment against all Defendants, including Rivenes-Lee, under the *Eitel* factors.

*a. Factor one: prejudice*

"Under the first *Eitel* factor—determining the possibility of prejudice to the plaintiff absent a favorable judgment—default judgment is favored where such judgment is the plaintiff's only recourse for recovery." *Bds. of Trs. of Nw. Metal Crafts Tr. Fund v. Pac. Ship Repair & Fabrication, Inc.*, No. 2:24-CV-142-JNW, 2025 WL 2322693, at *2 (W.D. Wash. Aug. 12, 2025) (citing *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014)). Foremost will be prejudiced if default judgment is not entered, as "this action is the only means by which [it] can establish that it has no duty to defend or indemnify." *Am. Com. Ins. Co. v. Schierman*, No. C12-0195JLR, 2012 WL 13018750, at *3 (W.D. Wash. June 25, 2012). Accordingly, factor one leans in favor of granting default judgment.

*b. Factors two and three: substantive merits and sufficiency of the claims*

"The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together." *Integon Nat'l Ins. Co. v. Mayorga*, No. 2:22-CV-01158-RAJ, 2023 WL 3506160, at *4 (W.D. Wash. May 17, 2023). "Courts apply the *Iqbal-Twombly* standard, where a complaint is sufficient if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Locs. 302 & 612 of the Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. Greyrock Drilling & Piledriving LLC*, No. 2:25-CV-00882-TL, 2026 WL 1893707, at *3 (W.D. Wash. July 1, 2026) (internal quotation marks and alteration omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The allegations in Foremost's complaint, accepted as true, establish its right to a declaratory judgment stating that there is no coverage under the policy. Under the policy, "[i]f a claim is made or a suit is brought against you for damages because of bodily injury or property damage caused by an *accident* [Foremost] will . . . [p]ay up to the [l]imit of [l]iability . . . [and]

[p]rovide a defense at [Foremost's] expense." Dkt. 1-1 at 30 (emphasis added). The policy also states that Foremost "will not pay for bodily injury or property damage . . . [r]esulting from any act . . . that is *intended* by [the insured] to cause any harm or that [the insured] could reasonably expect to cause harm." *Id.* at 32 (emphasis added). Lastly, the policy defines "bodily injury" as "[p]hysical damage" that was "caused by an *accident*." *Id.* at 19 (emphasis added). The underlying Thurston County case concerns an intentional assault for which Lee was convicted. Dkt. 1-1 at 2–3. When considering the substantive merits and sufficiency of the complaint, the policy's language is clear: Foremost does not have a duty to indemnify or defend Lee because the policy does not cover intentional bodily injury. Accordingly, factors two and three lean in favor of granting default judgment.

*c. Factor four: sum of money at stake*

There is no money at stake as Foremost only seeks a declaration of its obligations. *See Principal Life Ins. Co. v. Hill*, No. C21-1716 MJP, 2022 WL 2718087, at *2 (W.D. Wash. July 13, 2022) (finding that the fourth factor favored default judgment where a plaintiff sought only a declaratory judgment and an award of attorney's fees and costs). The fourth factor leans in favor of granting default judgment.

*d. Factor five: possibility of dispute of material facts*

There is no possibility of dispute concerning material facts because Foremost seeks only a legal determination regarding coverage. The fifth factor leans in favor of granting default judgment.

*e. Factor six: excusable neglect*

There is no evidence that the Defendants' failure to appear is due to excusable neglect. The defendants were all properly served. Dkts. 5, 6; *Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 2:21-CV-08284-MCS-KS, 2022 WL 17218505, at *6 (C.D. Cal. Oct. 26, 2022)

("There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation."). Accordingly, the sixth factor leans in favor of granting default judgment.

*f. Factor seven: policy considerations*

The final factor requires the Court to "weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits." *Curtis*, 33 F. Supp. 3d at 1213. The question before the Court is one that is purely legal and controlled by the policy language. Consideration of this factor thus does not dissuade the Court from entering default judgment.

*g. Weighing the factors*

All seven factors lean in favor of granting Foremost's motion for default judgment against all Defendants. Accordingly, the Court grants the motion and declares that Foremost has no duty to defend or indemnify Lee in the underlying Thurston County Superior Court case 24-2-04598-34.

**C. Foremost's motion for summary judgment**

Foremost's motion for summary judgment is denied for two reasons. First, because the Defendants are in default, Rule 55, not Rule 56, provides the proper procedural vehicle for obtaining judgment. *See* Fed. R. Civ. P. 55; *Progressive Advanced Ins. Co. v. Zafuto*, No. 19-CV-00338-EAW-JJM, 2020 WL 2115420, at *2 (W.D.N.Y. Mar. 23, 2020) (collecting cases) (explaining that with a clerk's entry of default, the appropriate procedure is default judgment, not summary judgment), *report and recommendation adopted sub nom. Progressive Advanced Ins. v. Zafuto*, No. 1:19-CV-00338 EAW, 2020 WL 2113457 (W.D.N.Y. May 4, 2020). Second, the motion is moot as the Court has resolved the issue with Foremost's motion for default judgment. Accordingly, Foremost's motion for summary judgment is denied.

## IV. CONCLUSION

For the previously mentioned reasons, the Court ORDERS:

1. Foremost's motion to strike Defendant Maxine Rivenes-Lee's motion to dismiss, Dkt. 10, is GRANTED. Dkt. 13.

2. Foremost's motion for default judgment is GRANTED. Dkt. 17. The Court DECLARES that Foremost has no duty to defend or indemnify Marty Lee in the underlying Thurston County Superior Court case 24-2-04598-34.

3. Foremost's motion for summary judgment is DENIED. Dkt. 15.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of August, 2026.

Tiffany M. Cartwright
United States District Judge